Filed 3/12/13  P. v. Renteria CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HENRY ELISEO RENTERIA,<br><br>    Defendant and Appellant. | F064732<br><br>(Super. Ct. No. F11907260)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Cornell, J., and Gomes, J.

## STATEMENT OF THE CASE

Appellant, Henry Eliseo Renteria, was charged in a criminal complaint filed on December 23, 2011, with felony evasion of a peace officer (Veh. Code, § 2800.2, subd. (a), count 1), felony driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 2), felony receipt of a stolen vehicle (Pen. Code, § 496d, subd. (a), count 3), and felony child endangerment (Pen. Code, § 273a, subd. (a), count 4). The complaint also alleged two prior prison term enhancements. On February 7, 2012, appellant entered into a plea agreement wherein he would admit the four counts in the criminal complaint and receive a lid prison term of six years eight months.

Appellant executed a felony advisement, waiver of rights, and plea form acknowledging the terms of the plea agreement, the consequences of his plea, and his constitutional rights pursuant to *Boykin/Tahl*.[1] Appellant waived his *Boykin/Tahl* rights in the form. At the hearing, the trial court verified that appellant understood the terms of the plea agreement, the consequences of the plea, and had executed and initialed the change of plea form. The parties stipulated that the police report constituted a factual basis for the plea.[2] Appellant pled no contest to all four counts and admitted the two prior prison term enhancements.

---

[1]   *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

[2]   On October 28, 2011, Clovis Police officers saw a vehicle weaving between lanes and attempted to initiate a traffic stop. The officers pursued appellant at high speeds in excess of 70 to 80 miles per hour, running red lights. Officers eventually stopped because appellant was driving recklessly and endangering the public. The officers contacted the registered owner of the vehicle, petitioner's mother, who reported that her vehicle was missing and appellant had probably taken it. She believed her 16-year-old grandson was with appellant. Appellant did not have permission to take the vehicle. A relative later contacted the police and informed them that appellant had admitted to her that he had been in a high speed chase with officers with his son in the car.

On March 9, 2012, the trial court sentenced appellant to prison for a term of four years for felony child abuse. The court sentenced appellant to consecutive terms of one year for felony evasion of an officer, eight months for felony driving or taking of a vehicle, and one year for one of the prior prison term enhancements. The court struck the second prison term enhancement in the interest of justice. A term of eight months for receiving a stolen motor vehicle was stayed pursuant to Penal Code section 664. Appellant's total prison term is six years eight months. The court imposed a $1,500 restitution fine and granted petitioner 157 days of custody credits consisting of 79 actual days in custody plus 78 conduct credit days. Appellant did not obtain a certificate of probable cause.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on June 19, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

3